PEOPLE ex rel. COVENEY v. MONROE, Commissioner.

(Supreme Court, Appellate Division, Second Department. May 12, 1905.)

MUNICIPAL CORPORATIONS—CITY OF NEW YORK—REMOVAL OF MUNICIPAL EMPLOYÉS—AUTHORITY OF DEPUTY COMMISSIONER.

> Under Laws 1901, p. 204, c. 466, § 452, declaring that commissioners at the heads of departments of the city of New York may designate deputies, who shall possess every power belonging to the office of commissioner so far as specified in the designation for a period of not more than three months, the act of a deputy commissioner in removing an employé of the department more than three months after authority was conferred upon the deputy to hear charges in the case was void.

Certiorari by the people, on the relation of James D. Coveney, against Robert Grier Monroe, as commissioner of the department of water supply, gas, and electricity, and others, to review proceedings for the removal of relator as an inspector of electrical conductors. Determination annulled.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, and JENKS, JJ.

Luke D. Stapleton (Harlan Moore, on the brief), for relator.
Edward H. Wilson (James D. Bell, on the brief), for respondents.

HIRSCHBERG, P. J. In the view taken of this case it is unnecessary to consider the voluminous evidence taken upon the trial of the charges. The deputy commissioner of water supply, gas, and electricity of the city of New York heard the charges preferred against the relator, and on July 24, 1903, made his determination in writing adjudging the relator guilty and dismissing him from service. The only authority conferred upon the deputy commissioner to hear and determine the matter which appears in the record is an authorization made by the commissioner, dated April 15, 1903, which expressly limits the designation of power to the period of three months from and after April 16, 1903—eight days before the final action of the deputy.

The power of the commissioner to delegate to the deputy the discharge of the specific duties incident to the trial and determination of the charges in question is contained in section 452 of the amended charter of the city (chapter 466, p. 204, Laws 1901). That section provides that:

"The commissioner at the head of each of said departments may designate one or more of said deputies, who shall, in addition to his other powers, possess every power and perform all and every duty belonging to the office of such commissioner, so far as specified in such designation, whenever so empowered by such commissioner by written authority, designating therein a period of time, not extending beyond a period of three months nor beyond the term of office of such commissioner, during which such power and duty may be exercised, and such designation and authority shall be duly filed in and remain of record in said department, but may be revoked at any time."

The point now under consideration relates to jurisdiction; and the action of the deputy commissioner in determining the guilt of the relator and punishing him by removal from office, having been taken after his power had expired, must be regarded as wholly unauthorized, and, as was said in People ex rel. Tate v. Dalton, 158 N. Y. 204, 216, 52 N. E. 1119, 1123, "must be treated as void, and a nullity, and the relator still entitled to his position."

It follows that the determination should be annulled, with costs, and the relator restored to his position. All concur.